J-S85009-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH LEE GRATZINGER | : | |
| | : | |
| Appellant | : | No. 431 WDA 2017 |

Appeal from the Judgment of Sentence February 10, 2017
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000036-2014

BEFORE:  BOWES, J., PANELLA, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                    FILED MAY 01, 2018

Kenneth Lee Gratzinger appeals from the aggregate judgment of sentence of two to five years imprisonment imposed after he pled guilty to, inter alia, driving under the influence ("DUI")—high rate of alcohol.  We affirm.

We glean the following case history from the record.  In February 2013, Appellant was the subject of a traffic stop on Interstate 80 in Venango County for various violations of the vehicle code.  Appellant gave a false name to the trooper who initiated the stop, and further was driving without a valid license, as his operating privilege had been suspended as the result of a prior DUI. Appellant submitted to a blood draw that showed a blood alcohol concentration ("BAC") of .159%.

Appellant was charged with DUI—general impairment (third offense), DUI—high rate of alcohol (third offense), and various other crimes not relevant to this appeal.  He entered an open guilty plea on December 19, 2016, and

was sentenced as indicated above on February 10, 2017. Appellant filed no post-sentence motion, but filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant contends that his sentence is illegal as a result of a warrantless blood draw in violation of Birchfield v. North Dakota, 136 S.Ct. 2160 (2016), and Commonwealth v. Evans, 153 A.3d 323 (Pa. 2016). Specifically, Appellant argues as follows.

> The . . . determination of the grading of the DUI charge was based upon a blood draw obtained from [Appellant] after being read the implied consent warnings. Much like Birchfield and Evans, [Appellant's] blood was drawn without a search warrant and therefore the sentence of [Appellant] at the [h]igh rate of alcohol was illegal.

Appellant's brief at 11.

In Birchfield, the United States Supreme Court held that the Fourth Amendment prohibits the imposition of criminal penalties for refusal to submit to a warrantless blood test, and thus "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." Birchfield, supra, at 2186. In Evans, this Court concluded that, although refusal to submit to a blood test is not a separate crime under Pennsylvania law, the DUI statute's provision for enhanced penalties for those who refuse such a test implicates Birchfield's holding. Accordingly, in ruling on a motion to suppress the results of a warrantless blood draw consented to after the driver was informed that his or her refusal to do so could result in increased penalties, a trial court must evaluate the voluntariness of the driver's consent

under the totality of the circumstances, including the inaccurate threat of enhanced penalties.  Evans, supra, at 331.

This Court has held that a defendant is not entitled to retroactive application of the rule announced in Birchfield unless he or she preserved the issue by timely challenging the warrantless blood draw at trial. Commonwealth v. Moyer, 171 A.3d 849, 855 (Pa.Super. 2017) ("The rule permitting retroactive application was created for the benefit of defendants who raised and preserved the issue in question and in whose case the issue remained pending while a higher court decided the issue in a similar case.").

Here, Appellant did not dispute the admissibility of the blood test results or the validity of his consent to undergo blood testing at any point prior to his filing a notice of appeal; the first time he raised the issue was in his Rule 1925(b) statement.  Furthermore, Appellant pled guilty to the DUI charge in question.  Accordingly, Appellant waived any challenge to the admissibility of his blood test results.   See, e.g., Commonwealth v. Singleton, 169 A.3d 79, 81 (Pa.Super. 2017) ("[A] plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses and waives the right to challenge anything but the legality of the sentence and the validity of the plea.") (internal quotation marks omitted); Commonwealth v. Miller, 80 A.3d 806, 811 (Pa.Super. 2013) (holding constitutional challenge waived where raised for the first time in the 1925(b) statement).

Appellant attempts to avoid waiver by casting his Birchfield claim as a challenge to the legality of his sentence.[1] Appellant's brief at 10. Specifically, as noted above, Appellant contends that, because the grading of his offense was determined by "a blood draw obtained from [him] after being read the implied consent warnings," and his blood was drawn without a warrant, his sentence is illegal.[2] Id. at 11.

This Court has rejected Appellant's argument, explaining as follows: "while Birchfield issues may raise a question regarding the legality of sentence, that principle applies only if the defendant received an increased punishment due to a refusal. In this case, where [the defendant] did not refuse and did not seek suppression of the blood evidence, there is no illegality to correct." Commonwealth v. Kehr, --- A.3d ---, 2018 WL 1077109 at *3 n.2 (Pa.Super. Feb. 28, 2018) (citation omitted) (emphasis added).

Appellant's unchallenged, and thus properly-considered, blood test results revealed a BAC of .159%. He accordingly was convicted of violating subsection (b) of the DUI statute, and subjected to a mandatory sentence of

_____

[1] See, e.g., Commonwealth v. Lankford, 164 A.3d 1250, 1252 n.5 (Pa.Super. 2017) ("[A]n appellant may raise legality of sentencing claims for the first time on direct appeal.").

[2] Given Appellant's failure to contest the validity of his consent in the court below, the record contains no information about the facts and circumstances surrounding the trooper's obtaining a blood sample from Appellant. Hence, the record does not show that the trooper even informed Appellant that he could be punished for refusal to consent, let alone support Appellant's contention that such a threat coerced him to submit to the blood test.

not less than ninety days. 75 Pa.C.S. § 3802(b) (providing BAC between .10 and .16 constitutes high rate of alcohol); 75 Pa.C.S. § 3804(b)(3)(i) (requiring minimum sentence of ninety days imprisonment for third offense, high rate of alcohol conviction). As this was Appellant's third DUI offense, it was graded as a first-degree misdemeanor, and Appellant could legally be sentenced to up to five years incarceration. 75 Pa.C.S. § 3803(b)(3); 18 Pa.C.S. § 1104(2). Thus, Appellant's sentence of twenty-four to sixty months incarceration for DUI—high rate of alcohol was proper.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2018

---

[3] Appellant does not challenge the sentences imposed on any of the other counts to which he pled guilty.